# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

"Amended Complaint"

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Parnell Ledell McKay,

Inmate ID Number: M64471 ,

(*Write your full name and inmate ID number.*)

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
MAR 31 2025
FOR MAILING

v.

Case No.: 3:25-cv-00182-AW-ZCB
(*To be filled in by the Clerk's Office*)

Sgt. Tracy Kuowandy,
ofc. Leza Taylor ,
Maj. Matthew Mackoon ,

(*Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.*)

**Jury Trial Requested?**
☑ YES ☐ NO

"Please see Attached"

NDFL Pro Se 14 (Revised June 2022) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

1

I. PARTIES TO THIS COMPLAINT CONTINUE (PAGE 1 OF 2

D. Defendants

4) Defendants NAME: AARON LEAVINS
official position: WARDEN
Employed At: SANTA ROSA Correctional Inst.
Mailing Address: 5850 East Milton Road
Milton Florida 58580

☒ Sued in individual Capacity ☒ Sued in official Capacity

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: PARNELL L. MCKAY ID Number: M64471

List all other names by which you have been known: NON

Current Institution: UNION CORRECTIONAl INStitution

Address: P.O. BOX #1000

Raiford Florida 32083

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: LEZA TAYloR

Official Position: CORRECTiONAl officer

Employed at: SANTA ROsA CORRECTIONAl INStt.

Mailing Address: 5850 EAst Miltont Rd.

Milton Florida 32583

☑ Sued in Individual Capacity     ☑ Sued in Official Capacity

2. Defendant's Name: TRACY KUOWANDY

Official Position: SERGEANT

Employed at: SANTA ROSA CORRECTIONAL INST.

Mailing Address: 5850 EAST MILTON ROAD

Milton Florida 32583

☐ Sued in Individual Capacity    ☑ Sued in Official Capacity

3. Defendant's Name: MATTHEW JACKSON

Official Position: MAJOR

Employed at: SANTA ROSA CORRECTIONAL INST.

Mailing Address: 5850 EAST MILTON ROAD

Milton Florida 32583

☐ Sued in Individual Capacity    ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)* "PLEASE SEE Attached"

## II.  BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)          ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled

to relief. Describe how ***each*** Defendant was involved and what each Defendant

did, or did not do, in support of your claim. Identify when and where the events

took place, and state how each Defendant caused you harm or violated federal

law. Write each statement in short, numbered paragraphs, limited as far as

practicable to a single event or incident. ***Do not make legal arguments, quote***

***cases, cite statutes, or reference a memorandum.*** You may make copies of

page 6 if necessary to supply all the facts. Barring extraordinary circumstances,

no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1). Plaintiff swear and assert; on July 19, 2021 as he was standing outside in front of his assigned Dormitory 2). Plaintiff was approached by the (defendant: Ms. Taylor) whom asked plaintiff why was he standing outside her dormitory voilating? 3). To wit; the plaintiff informed the (defendant: Ms. Taylor) that he was assigned/housed in M-dormitory 4). At which time (plaintiff) gave the (defendant: Ms. Taylor) his committed name and DC# for verification of his assigned housing status. 5). The plaintiff, assert he also informed/told the (defendant: Ms. Taylor) he had just brought the mop bucket and trash outside awaiting the cleaning supplies (Mr. Adams) 6). The (defendant: Ms. Taylor) asked the plaintiff his assigned bunk assignment, to wit; plaintiff informed the (defendant: Ms. Taylor) he was

**Statement of Facts Continued** (*Page* 2 *of* 5 )

Assigned to: (Bunk#1146's... →). At which time the
(defendant: Ms. Taylor) Left plaintiff standing outside;
As she entered the officer station to check/verify/plaint-
iff housing status... 8). plaintiff assert/contend a few
minutes later after the (defendant: Ms. Taylor) entered the
officers station booth she exited the officer station booth
after verifying plaintiff housing status... 9). The (defendant:
Ms. Taylor) approached the plaintiff stating repeatedly
how tired she was of having Jits voilate her dorm,
however after verifying that plaintiff was actually assi-
gned to the domitory she had told plaintiff to enter
into the sally port... 10). At which time the (defendant:
Ms. Taylor) had plaintiff to enter into the officer station
booth, plaintiff contend he complied with all orders
even placing his hands upon atop his head... 11).
plaintiff swear and assert the (defendant Ms. Tay-
lor) Hit plaintiff in the back of his head with her

IV. Statement of Facts; Continue Page 3 of 5

Walkie Talkie, that she Maliciously used to strike Him several times in the Head and Facial area before He could flee;... 12). plaintiff Contend As He was being severely Assaulted by defendant (Taylor) defendant (Kuowandy) Hit Her panic button Creating A More Hostile Environment... 13). plaintiff Contend; out of Fear Aortic safety; He tried to flee outside the dormitory where He was later tackled to the ground and severely beaten to unconsciousness by Many Correctional officers

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

STATEMENT OF CLAIMS And Procedural History;
Plaintiff Swear And Assert As AforeMentioned
When THE Alleged Act/incident (i.e Wrongful
Act/Omissions) occurred on (July 19, 2021
At Approximately 8:15 AM)"Please see Attached"

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Whereupon, plaintiff Request THAT THE Courts
Grant THE Following Relief; (1). Granting Him A
declaration THAT THE Acts And Omissions,
"Please see Continue Page..."

V. Statement of Claims; continue page 1 of 7

THE (Defendant; Mrs. Taylor) was at that time employed by the Florida Dept. of Corrections as a Correctional officer at Santa Rosa Correctional Institution on the date of the Alleged conduct at issue occurred... The (Defendant Mrs. Taylor) Actions/conduct was Malicious and operational, Rather than a planned decision, when she Acted in a Manner Exhibiting a Wanton and Willful disregard for Plaintiff Human rights when she (Defendant) struck, battered, and/Assaulted the plaintiff with her service Equipment (walkie talkie) / weapon in violation of D.O.C. Statute/Rule, and Directive/Policy Statement... (Citing Impact - Ch: 33-208. 001 (4)(A) Law implemented 119.001(8), 944.09, 944.14) Florida Statute... Defendant (Taylor) Knowingly and deliberately using her service Equipment/walkie talkie As a weapon constitute "Cruel And unusual punishment in violation of the Eighth and Fourteenth Amendment; thus Conflicting with (41 Fla. Jur. 2d supra 0. 944.35 As)


(Plaintiff Swear, And Assert As Aforementioned; on (July 19, 2021 At Approximately 8:15AM) When the Alleged Act/incident (i.e Wrongful Act/Omissions) occurred/transpired the (Defendant Mrs. Kuswandy) was At that time employed by the Florida Dept. of Corrections

V. Statement of Claims; Continue page 2 of 7

As a Correctional Sergeant at Santa Rosa Correctional Institution on the date of the alleged conduct at issue occurred the (defendant Ms. Kusowandy) was an employee of the Florida Dept. of Corrections while acting within the course/scope of her duty under the color of state law, "Among the historic liberties" protected and common law doctrine "Among the Historic liberties" protected by the due process clause is the right to be free from and to obtain judicial relief for unjustified intrusions on personal security... To wit; The plaintiff contend on (July 19, 2021) at approximately 8:15am the (defendant Ms. Kusowandy) witnessed the (plaintiff being physically assaulted/battered by her subordinate (defendant) Ms. Taylor but at no time did defendant (Ms. Kusowandy) intervene to restore the peace and to protect diligently the rights of the afflicted (contrary to): (Defendant Kusowandy) created a more hostile environment when she hit her panic button, thus conflicting with (4th Fla. Jur. 2d supra §. 944.35 Fla. stat.) F.A.C. 33-208.001(4)(A) law implemented 790.001(8), 944.09, § 944.14 Fla. stat, Eighth and Fourteenth Amendment...

Plaintiff swear and assert under oath of penalty of perjury: That the (defendant

V. Statement of Claims; continue page 3 of 7

Leaving) was employeed by the Florida Dept. of Corrections, as the Warden/overseer at Santa Rosa Correctional Institution on the date of the Alleged Misconduct/ Account occurred... The (defendant Leaving) was an employee/warden of the Florida Dept. of Corrections while Acting within the course/scope of his/her duty under the color of state Law... The (defendant Leavins) received and viewed numerous incident Reports and Constructive Notice Grievance Complaints reporting Widespread staff Abuse/physical Abuse ongoing at the time at the prison on the Date of the Alleged unprofessional and unbecoming conduct, the defendant (Mr. Leavins) was the Warden at Santa Rosa Correctional Inst., As Aforesaid the (defendant Leavins) received and viewed numerous Inmate Grievance Complaints, and use of force incident Reports Reporting the unauthorized use of physical force/staff Abuse on a daily basis, but still to no Avail, the (defendant Leavins) ignored/failed to take heed to protect plaintiff, to Avoid failing/ permitting others to file independant Reports involving said Abuse; thus Conflicting with (41 Fla. Jur. 2d Supra. o. 944.35 7-9) F.A.C. 33-208.001 (4)(A) Law implemented 790.001 (8), 944.09, 944.14 Fla. Stat. Fighth and Fourteenth

Amendment, Constitute deliberate indifference, Cruel and unusual punishment, and Common Law Negligence...

Plaintiff swear and assert under oath of penalty of perjury: That the (Defendant Jackson) on the date of the alleged misconduct incident, (Defendant Jackson) was employeed by the Florida Dept. of Corrections as the Major/Chief of Security at Santa Rosa Correctional Inst., on (July 19, 2021)... Plaintiff contend; prior to the alleged conduct incident the (Defendant Jackson) "As such", As Chief of Security/Major; the (Defendant) (Mr. Jackson) had prior knowledge that several of his subordinates had been reported, suspected, and/or grieved for engaging in unprofessional and unbecoming conduct/rules of prohibited conduct... Yet in still the (Defendant Jackson) allowed his subordinates/other named defendants the opportunity to commit the grievous misconduct alleged herein this complaint (Defendant Jackson) having prior knowledge that (his) subordinates/Defendant was in engaging in rules violation of prohibited conduct and his failure to intervene; to protect afflicted; constitute; failure to protect, gross neglect, cruel and unusual punishment, and deliberate indifference Thus conflicting with the Florida Law Enforcement Code under the Eight general principles, (41 Fla. Jur. 2d. Supra ω. 944.35 Fla. Stat.), FAC 33-208.001 (4)(A)

V. STATEMENT OF CLAIMS; CONTINUE page 5 OF 7

LAW implemented 790.0001 (8), 944.09, § 944.14
Fla., Stat., U.S Eighth And Fourteenth Amendment...

VI. Relief Requested Continue page __1__ of __7__

described Herein violates His rights under U.S. And Florida State Constitutional Laws...

2). Granting plaintiff compensatory damages, And punitive damages in the Amount of $250.0000 Against defendant (Taylor) in Her official capacity for Her physical Assault And battery upon plaintiff on (July 19, 2021) in Violation of the Eighth And Fourteenth Amendment

3). Grant plaintiff State tort claims of Common Law/Negligence Against defendant (Kuowandy) in the Amount of $100.0000 under Color of State Law in Her official capacity for Her Action/inaction on (July 19, 2021) when she (defendant) failed to protect/intervene to safeguard plaintiff from violence while in their custody in Violation of plaintiff Eighth Amendment Right, to 768.28(6)(A); to 768.72

4). Grant plaintiff compensatory and punitive damages Against (defendant Leaving) And (Defendant Jackson) both, Each in their official capacity And individual capacity (both defendants Acted under Color of State Law) failed to safeguard plaintiff from violence, while in their custody on (July 19, 2021) (plaintiff seek $100.0000 compensatory

VI. Relief Requested continue (page 3 of 7)

damages Against Each defendant in their individual and official capacity, plaintiff seek $100.0000 punitive damages Against each defendant in their individual and official capacity... To wit, Each defendant Acted under the color of state Law, Both defendants Are overseers of the daily operations of security and supervision, Both defendants received and reviewed many/numerous use of force incident Reports, And Grievance complaints on a daily basis Reporting the wide-spread Abuse thus failing to safeguard plaintiff contributed to the unlawful misconduct that took place on (July 19, 2021) in violation of (F.S. 768.28. (6)(A), 768.72), Eighth And fourteenth Amendment...

5). plaintiff further seeks A Jury trial, on All triable issues, cost and recovery of failing this claim, And whatever Else this court see's Just and proper...

6) Grant court cost for prosecution of this Action And Attorney fees...

unauthorized oath

under the penalty of perjury, plaintiff declare the foregoing statements Are true, Except to Matters Alleged, on information And belief, And As to those, I plaintiff believe Them to be true...                 Respectfully submitted

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION: *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*** If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while***

*incarcerated or detained in any facility, brought an action or appeal in a*
*court of the United States that was dismissed on the grounds that it is*
*frivolous, malicious, or fails to state a claim upon which relief may be*
*granted, unless the prisoner is under imminent danger of serious physical*
*injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate

   court, dismissed as frivolous, as malicious, for failure to state a

   claim, or prior to service?

   ☑ YES    ☐ NO

   If "Yes," identify the case number, date of dismissal, and court for

   each case:

   1. Date: 11/21/2024    Case #: 5:23-CV-24180-LC-ZCB

      Court: U.S. District Court NorthERN DistRict

      Reason: DEFENDANTs Motion For summary Judge-
      MENT (Doc 47) GRANTED

   2. Date:_____ Case #:_____

      Court:_____

      Reason:_____

   3. Date:_____ Case #:_____

      Court:_____

      Reason:_____

(*If necessary, list additional cases on an attached page*)

B. Have you filed other lawsuits or appeals in **state or federal court** dealing

with the same facts or issue involved in this case?

□ YES  ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #: N/A  Parties: N/A

   Court: N/A  Judge: N/A

   Date Filed: N/A  Dismissal Date (*if not pending*): N/A

   Reason: N/A

2. Case #: N/A  Parties: N/A

   Court: N/A  Judge: N/A

   Date Filed: N/A  Dismissal Date (*if not pending*): N/A

   Reason: N/A

(*If necessary, list additional cases on an attached page*)

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

**state or federal court** either challenging your conviction or relating to

the conditions of your confinement?

□ YES  ☑ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: N/A _____ Parties: N/A _____

   Court: N/A _____ Judge: N/A _____

   Date Filed: N/A _____ Dismissal Date (*if not pending*): N/A _____

   Reason: N/A _____

2. Case #: N/A _____ Parties: N/A _____

   Court: N/A _____ Judge: N/A _____

   Date Filed: N/A _____ Dismissal Date (*if not pending*): N/A _____

   Reason: N/A _____

3. Case #: N/A _____ Parties: N/A _____

   Court: N/A _____ Judge: N/A _____

   Date Filed: N/A _____ Dismissal Date (*if not pending*): N/A _____

   Reason: N/A _____

4. Case #: N/A _____ Parties: N/A _____

   Court: N/A _____ Judge: N/A _____

   Date Filed: N/A _____ Dismissal Date (*if not pending*): N/A _____

   Reason: N/A _____

5. Case #: N/A _____ Parties: N/A _____

   Court: N/A _____ Judge: N/A _____

   Date Filed: N/A _____ Dismissal Date (*if not pending*): N/A _____

   Reason: N/A _____

6. Case #: N/A    Parties: N/A

Court: N/A    Judge: N/A

Date Filed: N/A    Dismissal Date (*if not pending*): N/A

Reason: N/A

**(*Attach additional pages as necessary to list all cases.*)**

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3.  I understand it is my obligation to timely notify the Clerk's Office if there
    is any change to my mailing address and that my failure to do so may result
    in a dismissal of the action.

Date: 3/30/25    Plaintiff's Signature: _____

Printed Name of Plaintiff: PARNELL Ledell M=KAY

Correctional Institution: UNION CorrECTIONAl INSTITUTION

Address: _____ P.O. BOX #1000

_____ RAiford FLa 32083

**I certify and declare, under penalty of perjury, that this complaint was**
**(*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in**
**the prison's mail system for mailing on the __30__ day of __30__ , 20_25_.**

Signature of Incarcerated Plaintiff: _____

Mr. Parnell Ledell McKay #M64471
Union Correctional Institution
P.O Box #1000
Raiford Fla, 32083



United States Clerk's Office
1 North Pnafox Street
Pensacola Fla, 32502



RECEIVED BY
UNION CORRECTIONAL INSTITUTION

MAR 31 2025

FOR MAILING