UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PARNELL LEDELL MCKAY,
      Plaintiff,

vs.                         Case No.: 3:25cv182/AW/ZCB

LEEZA TAYLOR, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 4, 13).

Presently before the Court is the Second Amended Complaint. (Doc. 13). The Court is statutorily required to screen Plaintiff's Second Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e) (requiring screening of *in forma pauperis* complaints); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early

1

judicial screening of prisoner complaints"). After screening the Second

Amended Complaint, the undersigned recommends dismissal of some of

Plaintiff's claims for failure to state a claim on which relief can be

granted.[1] The Court also recommends dismissal of a new group of

Defendants that Plaintiff apparently seeks to join in violation of Federal

Rule of Civil Procedure 20.

## I.    Background[2]

Plaintiff's Second Amended Complaint lists two groups of

Defendants from Santa Rosa Correctional Institution. (Doc. 13 at 1-4).

The first group consists of nine security officers and one nurse involved

in uses of force and a post-use of force medical exam on July 19, 2021.

---

[1] The Court previously provided Plaintiff two opportunities to amend after explaining to him deficiencies in his prior pleadings. (Docs. 5, 7). Nonetheless, Plaintiff's Second Amended Complaint still includes some of those pleading deficiencies as well as new ones. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

[2] At this point, the Court assumes the truth of all well-pled factual allegations. Conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

(*Id.* at 2-4, 6-10).    Those Defendants are Officer Taylor, Sergeant Kuswandy, Officer Windley, Officer Jinks, Officer Palmer, Officer O'Neil, Sergeant Tona, Sergeant Immosote, Classification Officer Estep, and Nurse Davis.  (*Id.*).

Plaintiff lists a second group of Defendants consisting of thirteen security officers and one mental health counselor at Santa Rosa C.I.  (*Id.* at 3).  Plaintiff indicates the second group was involved in "Retaliation/Harassment/Inhumane" on May 13, 2025 (three months after Plaintiff filed this lawsuit).  (*Id.* at 3).

The factual allegations in Plaintiff's Second Amended Complaint concern only the first group of Defendants.  The second group is not mentioned in the factual allegations.  (*Id.* at 6-8).

Plaintiff alleges that on July 19, 2021, at 8:00 a.m., he was standing outside his assigned dormitory.  (*Id.* at 6).  He says that fifteen minutes later, Defendant Taylor approached him and asked why he was standing outside the dorm.  (*Id.*).  Defendant Taylor consulted the housing roster and confirmed that Plaintiff was assigned to the dorm.  (*Id.*).  Defendant Taylor then allegedly ordered Plaintiff to stand against the wall with his

3

hands on top of his head. (*Id.*). According to Plaintiff, he complied. (*Id.*). Plaintiff alleges Defendant Taylor then hit him in the head and ear with her radio. (*Id.*). Plaintiff alleges Defendant Kuswandy "hit her panic button" as Plaintiff ran and was tackled to the floor and beaten by Defendants Windley, Jinks, Palmer, O'Neil, Tona, and Immosote. (*Id.* at 6-7).

Plaintiff was taken to a medical room and assessed by Defendant Nurse Davis. (*Id.* at 7). According to Plaintiff, Nurse Davis partially documented his injuries and refused to clean his wounds. (*Id.*).

Plaintiff was escorted to a holding cell for a pre-confinement search. (*Id.*). While in the holding cell, he was sprayed with a chemical agent. (*Id.*). He does not allege who was involved in the spraying of chemical agent. (*Id.*).

Plaintiff further alleges that he developed a "cyst" on the top of his head from the alleged beating. (*Id.* at 7). And he claims the "cyst" has caused daily pain and suffering. (*Id.*). Plaintiff also says that the incident caused him to develop PTSD. (*Id.*).

In terms of legal claims, Plaintiff brings Eighth Amendment claims of excessive force and failure to intervene. (*Id.* at 8, 10).[3]  He also brings an Eighth Amendment claim of deliberate indifference, as well as a due process claim under the Fourteenth Amendment. (*Id.* at 10).  And he brings claims under the First Amendment.  (*Id.*).

Plaintiff seeks declaratory relief and monetary damages. (*Id.* at 8-10).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's

---

[3] He also brings related state tort claims of assault and battery. (*Id.* at 8).

liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* pleadings are to be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.   Discussion

### A.   Plaintiff's Second Amended Complaint does not state a plausible claim for relief against Defendant Estep.

The Second Amended Complaint lists Classification Officer Estep as a Defendant. (Doc. 13 at 3). But Plaintiff does not appear to mention Defendant Estep in his factual allegations or anywhere else in the Second Amended Complaint.

6

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). To survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must meet "the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 555, 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, the complaint must provide enough factual matter to suggest that the Defendant acted unlawfully. *Id.*

Here, Plaintiff's factual allegations do not connect Defendant Estep to any of the alleged constitutional violations. For this reason, he has not stated a plausible claim for relief against Defendant Estep. *See Larry v. Mercer,* No. 15-12153-E, 2015 WL 9917185, at *2 (11th Cir. Nov. 17, 2015)

7

(explaining that plaintiff failed to satisfy pleading standards because his complaint did not make any direct factual allegations against several of the defendants).

### B. Plaintiff's excessive force claim concerning the use of chemical agent spray when he was in a holding cell on July 19, 2021, is barred by the doctrine of issue preclusion.

Plaintiff alleges chemical agents were used on him on July 19, 2021 when he was in a holding cell for a pre-confinement search. (Doc. 13 at 7).

Plaintiff previously litigated claims concerning this same use of chemical agent on July 19, 2021, in another lawsuit in this Court, *McKay v. Tona, et al.*, No. 3:23cv24180/LAC/ZCB (N.D. Fla.). In the 2023 case, brought claims of excessive force based on corrections officers at Santa Rosa C.I. spraying Plaintiff with a chemical agent on July 19, 2021, while he was in a holding cell awaiting placement in confinement. The Court granted summary judgment in Defendants' favor because no reasonable juror could conclude that the officers violated the Eighth Amendment. *Id.* (N.D. Fla. Nov. 21, 2024).

Issue preclusion bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit, even if it arises in the context of a different cause of action. *CSX Transp., Inc. v. Bhd. of Maint. of Ways Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003). Issue preclusion is established when: "(1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom [issue preclusion] is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877-78 (11th Cir. 2015). An issue is considered "actually litigated" when the "issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1267-68 (11th Cir. 2011). An issue was a necessary part of the judgment if "the disposition in the first suit was the basis for the holding with respect to the issue and not mere dictum." *McLaughlin v. Bradlee*, 803 F.2d 1197, 1204 (D.C. Cir. 1986) (cleaned up). In sum, "[t]he issue must have been

9

squarely addressed, or directly decided, in the former suit before it can be held as conclusive for subsequent litigation." *Strong*, 651 F.3d at 1268. Issue preclusion is not limited to actions between the same parties and their privies. *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986).

Here, prong one is satisfied. The issue in the present case is the constitutionality of the use of chemical agents on Plaintiff while he was in the holding cell awaiting placement in confinement on July 19, 2021. That was the same issue at stake in *McKay*, No. 3:23cv24180. *Id.* (*see* Doc. 14). As for the second prong of issue preclusion, the issue was actually litigated. Defendants in the prior case sought summary judgment on Plaintiff's excessive force claims by arguing that video evidence demonstrated the chemical agent was not applied maliciously and sadistically to cause harm. *Id.* (*see* Doc. 47). The Court agreed with Defendants' argument. (*Id.*, *see* Docs. 60, 62). The excessive force issue was "actually litigated" because it was properly raised in Defendants' motion for summary judgment, submitted for determination, and determined by the Court. *Strong*, 651 F.3d at 1267-68.

10

The excessive force issue was also "necessarily decided." *Id.* at 1268.   In adjudicating *McKay*, No. 3:23cv24180, the Court's decision as to whether the use of the chemical agent was excessive force was not an incidental issue or mere dicta.   The Court, in finding that Defendants were entitled to summary judgment in the prior case, found that the use of chemical agents on Plaintiff did not violate the Eighth Amendment. (*Id.*, Docs. 60, 62).

As for the fourth and final prong, Plaintiff had a full and fair opportunity to litigate the excessive force issue.   Plaintiff responded in opposition to the motion for summary judgment and objected to the report and recommendation that recommended granting summary judgment.   (*Id.*, Docs. 53, 54, 55, 56, 58).   His arguments were not persuasive.   (*Id.*, Docs. 60, 62).

Because all four prongs of issue preclusion have been met, the doctrine prevents Plaintiff from pursuing in this case the same issue regarding the constitutionality of the use of chemical agents while Plaintiff was in the holding cell on July 19, 2021.   Thus, dismissal is warranted.

11

### C.   Plaintiff has not stated a plausible claim for relief against Defendant Nurse Davis.

Plaintiff brings an Eighth Amendment deliberate indifference against Defendant Nurse Davis. (Doc. 13 at 10). He alleges Nurse Davis only partially documented his injuries and failed to clean his wounds after the alleged beating outside the dormitory. (*Id.* at 7).

To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (cleaned up). "In general, serious medical needs are those requiring immediate medical attention." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (cleaned up).

Here, Plaintiff does not allege what injuries he had when he was seen by Nurse Davis. He alleges only that at some later point he

developed a "cyst" on the top of his head.  Because Plaintiff has not alleged facts showing that he had a serious medical need at the time he was examined by Nurse Davis, he has not stated a plausible Eighth Amendment claim of deliberate indifference.[4]  For this reason, Plaintiff's deliberate indifference claim against Defendant Nurse Davis should be dismissed under § 1915(e)(2)(B)(ii).

### D.    Plaintiff has not stated a plausible Fourteenth Amendment due process claim.

Plaintiff brings a due process claim under the Fourteenth Amendment.  (Doc. 13 at 10)  He alleges Defendant Taylor issued him a false disciplinary report and the other Defendants "falsif[ied]

---

[4] To the extent Plaintiff has alleged that he suffered cuts and bruises from the use of force, these allegations are insufficient to show a serious medical need for Eighth Amendment purposes.  *See*, *e.g.*, *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) (explaining that abrasions and a bruise were insufficient to constitute a serious medical need); *Fernandez v. Metro Dade Police Dep't*, 397 F. App'x 507 (11th Cir. 2010) (holding as a matter of law that plaintiff's facial bruise was not an objectively serious medical need); *Booker v. Ervin*, No. 6:17cv15, 2019 WL 1085192, at *3 (S.D. Ga. Mar. 7, 2019) (explaining that "[c]uts and bruises that require only minor treatment are not a serious medical need for purposes of [deliberate indifference] claims.").

documents." (*Id.* at 8). Plaintiff's allegations suggest that those documents led to his placement in confinement. (*Id.* at 7).

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A § 1983 claim alleging a denial of procedural due process requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

"For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the deprivation of a benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or that a change in his conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." *Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (cleaned up). Unless a plaintiff has been deprived of a liberty interest, no procedural due process protection is triggered. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)

14

(noting generally that prison transfers and changes in classification status do not require due process protections).

Plaintiff's allegation that Defendants falsified a disciplinary report and other documents does not permit a reasonable inference that Defendants deprived him of a recognized liberty interest. That is so even if those documents led to his placement in confinement. Plaintiff does not allege facts suggesting that the conditions or duration of his confinement imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 485-87 (1995) (holding that thirty days of disciplinary segregation did not give rise to a protected liberty interest); *see also Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (same concerning sixty days in administrative confinement); *Hamlet v. Martin Corr. Inst.*, No. 21-11937, 2022 WL 16827438, at *6 (11th Cir. Nov. 9, 2022) (single judge order) (holding that plaintiff's allegation that he was placed in confinement, without allegations about the conditions or duration of confinement that would rise above the bar in *Sandin* and entitle him to due process protections, warranted dismissal of due process

15

claim at § 1915 screening stage).  For this reason, Plaintiff's Fourteenth Amendment due process claim should be dismissed under § 1915(e)(2)(B)(ii).

### E.    Plaintiff has not stated a plausible First Amendment claim.

Although not entirely clear, Plaintiff appears to bring a First Amendment retaliation claim.  (Doc. 13 at 10).

An inmate's First Amendment free speech rights are violated when he is punished in retaliation for filing a grievance concerning the conditions of his imprisonment.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).  To establish a retaliation claim, a complaint must adequately allege that (1) a prisoner's speech or act was constitutionally protected; (2) the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) there was a causal connection between the retaliatory actions and the adverse effect on the speech or act.  *Id.* "[C]onclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts" are not enough to survive dismissal

at the pleading stage.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Here, Plaintiff does not relate his First Amendment claim to any of his factual allegations, nor do his factual allegations permit a reasonable inference that any of the conduct allegedly committed by Defendants violated the First Amendment.  Plaintiff's unsupported, conclusory allegation of First Amendment retaliation does not satisfy the pleading requirements.[5]  For this reason, dismissal is warranted under § 1915(e)(2)(B)(ii).  *See Allen v. St. John*, 827 F. App'x 1002, 1007 (11th Cir. 2020) (holding that inmate's conclusory allegation that defendants retaliated against him for filing earlier civil rights lawsuit was not sufficient to state a § 1983 claim for retaliation); *see also Jones v.*

---

[5] To the extent Plaintiff's Second Amended Complaint could be read to assert a First Amendment access to the courts claim, it would also be subject to dismissal for failure to state a claim.  A First Amendment access to the courts claim requires a prisoner to suffer "actual injury." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998).  This "means that prison officials' actions . . . must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Id*. Here, Plaintiff has not plausibly alleged that Defendants impeded his pursuit of such a claim or civil rights action.  Accordingly, Plaintiff has not stated a First Amendment access to courts claim.

*Gadsden Cnty. Schs.*, 755 F. App'x 954, 955 (11th Cir. 2019) (affirming dismissal of retaliation claim where plaintiff had not provided a factual basis that would allow the court, even reading liberally, to infer all three elements of a prima facie retaliation claim).

**F.   The second set of Defendants involved in events that occurred on May 13, 2025, are improperly joined.**

As previously discussed, Plaintiff's Second Amended Complaint names two separate groups of Defendants who engaged in conduct nearly four years apart.  The first group consists of the ten Defendants involved in the events of July 19, 2021:  Officer Taylor, Sergeant Kuswandy, Officer Windley, Officer Jinks, Officer Palmer, Officer O'Neil, Sergeant Tona, Sergeant Immosote, Nurse Davis, and Classification Officer Estep. (Doc. 13 at 2-4).  The second ground consists of fourteen Defendants who allegedly engaged in retaliation and harassment on May 13, 2025: Sergeant Stafford, Lieutenant Lantler, Captain Norris, Lieutenant "Jane Doe," Officer Lamrea, Mental Health Counselor Harris, three "John Doe" officers, and five unidentified members of an extraction team.  (*Id.* at 3).

The Federal Rules of Civil Procedure permit a plaintiff to join defendants in a single action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).[6]  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  *Construct. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 (11th Cir. 1998).

---

[6] The rule prohibiting a plaintiff from pursuing unrelated claims against different defendants in the same complaint is especially justified in the area of prisoner complaints.  That is because the Prison Litigation Reform Act (PLRA) contains disincentives to prisoners filing lawsuits that are frivolous or legally insufficient, including structured measures designed to ensure that prisoners pay the required filing fees and its "three strikes" provision which limits prisoners to three lawsuit dismissals before they are no longer able to proceed *in forma pauperis*.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants belong in different suits, not only to prevent the morass that a multiple-claim, multiple-defendant suit produces but also to ensure that the PLRA's limitations on prisoner lawsuits are enforced).

The Court's civil rights complaint form enforces the joinder rule by requiring the plaintiff to address unrelated incidents or issues in a separate civil rights complaint. (Doc. 13 at 6). If a plaintiff joins defendants in contravention of Rule 20, the Court may dismiss certain defendants. Fed. R. Civ. P. 21; *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986).

Here, Plaintiff makes a conclusory allegation that whatever the second group of Defendants did on May 13, 2025 (he doesn't specify what they did) was in retaliation for "a battery on [Defendant] L. Taylor" on July 19, 2021. (Doc. 13 at 3). This vague, conclusory allegation of retaliation does not satisfy the Rule 20 requirement of showing a logical relationship between the § 1983 claims against the first group of Defendants that arose on July 19, 2021, and the claims of retaliation and harassment against the second group of Defendants that arose on May 13, 2025. Thus, the Second Amended Complaint's attempt to add the second group of Defendants violates Rule 20.

The Court has two options to remedy the improper joinder—it can either choose for Plaintiff which claims against which Defendants go

20

forward in this case and drop the misjoined Defendants, *see* Rule 21, or it can give Plaintiff an opportunity to make that choice. When determining whether dropping a party would be "just" under Rule 21, courts evaluate whether dismissal of parties would cause substantial prejudice. *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016).

The Court believes the better approach here is dropping and dismissing the misjoined Defendants. Dismissal of the second group of Defendants would not cause substantial prejudice to Plaintiff. He has already filed a new lawsuit against those Defendants (and more) concerning events that occurred on May 13, 2025. *McKay v. Lantler, et al.*, No. 3:25cv861/MW/ZCB (N.D. Fla.). Because dismissal of the misjoined Defendants will not cause Plaintiff substantial prejudice, those Defendants (Sergeant Stafford, Lieutenant Lantler, Captain Norris, Lieutenant "Jane Doe," Officer Lamrea, Mental Health Counselor Harris, three "John Doe" officers, and five unidentified members of an extraction team) should be dismissed from this lawsuit. *See Lampliter Dinner Theater, Inc.*, 792 F.2d at 1045 (explaining that dropping a party from a

lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court); *see also Daker v. Holmes*, No. 20-13601, 2022 WL 2129076, at *5-6 (11th Cir. June 14, 2022) (affirming district court's order requiring the plaintiff to divide his claims into separate lawsuits because plaintiff's claims against three groups of defendants were not part of the same transaction or occurrence).

## IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's claims against Defendant Estep be **DISMISSED** for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    Plaintiff's excessive force claim based on the use of chemical agent in the holding cell on July 19, 2021 be **DISMISSED** as barred by issue preclusion.

3.    Plaintiff's claims against Defendant Nurse Davis be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.    Plaintiff's due process claims under the Fourteenth Amendment be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

5.    Plaintiff's claims under the First Amendment be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

6.    Defendants Sergeant Stafford, Lieutenant Lantler, Captain Norris, Lieutenant "Jane Doe," Officer Lamrea, Mental Health Counselor Harris, three "John Doe" officers, and five unidentified members of an extraction team who were involved in events that arose on May 13, 2025 be **DISMISSED** from this case as improperly joined under Federal Rule of Civil Procedure 21.

7.    The case be referred back to the undersigned for further proceedings on Plaintiff's § 1983 claims against Defendants Taylor, Kuswandy, Windley, Jinks, Palmer, O'Neil, Tona, and Immosote for excessive force and failure to intervene under the Eighth Amendment (and related state law claims).

23

At Pensacola, Florida this 25th day of June 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.